IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDI ANN J., <br><br>　　　　　Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security, <br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 4:24-cv-00083-PK <br><br> Magistrate Judge Paul Kohler |

　　　　This matter comes before the Court on Plaintiff Brandi Ann J.'s appeal from the decision of the Social Security Administration finding that she was no longer disabled.[1] The Court reverses the administrative ruling and remands for further proceedings.

I. STANDARD OF REVIEW

　　　　This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 11, filed January 3, 2025.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

1

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not reweigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A.    PROCEDURAL HISTORY

On June 24, 2009, Plaintiff was found disabled beginning on October 25, 2009.[8] On April 13, 2015, Plaintiff was found no longer disabled as of April 1, 2015.[9] That decision was upheld by a state agency Disability Hearing Officer on December 1, 2017.[10] After a series of hearings before an ALJ, the ALJ issued an unfavorable decision on August 1, 2023.[11] The Appeals Council declined review on August 30, 2024,[12] making the ALJ's decision the final decision of the Acting Commissioner.

On October 8, 2024, Plaintiff filed her complaint in this case.[13] On that same date both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 324.

[9] *Id.* at 333–35.

[10] *Id.* at 350–59.

[11] *Id.* at 21–44.

[12] *Id.* at 1–7.

[13] Docket No. 1.

Tenth Circuit.[14] The Acting Commissioner filed an answer and the administrative record on December 4, 2024.[15]

Plaintiff filed her Opening Brief on January 3, 2025.[16] The Acting Commissioner's Answer Brief was filed on March 4, 2025.[17] Plaintiff filed her Reply Brief on March 18, 2025.[18]

B.     MEDICAL EVIDENCE

Plaintiff was in a near fatal accident in 2000, in which she sustained severe facial fractures, causing ongoing migraines and facial pain.[19] Plaintiff has undergone over thirty facial reconstructive surgeries since the accident.[20] The medical evidence shows that Plaintiff continued to experience migraines and chronic facial pain since the accident, for which she takes medication with limited relief.[21]

C.     THE ALJ'S DECISION

In determining whether Plaintiff continued to be disabled, the ALJ followed an eight-step evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial

---

[14] Docket No. 5.

[15] Docket No. 9.

[16] Docket No. 11.

[17] Docket No. 17.

[18] Docket No. 18.

[19] R. at 1030–31.

[20] *Id.* at 1449, 1574.

[21] *Id.* at 87, 124, 134, 222, 225, 228, 231, 234, 238, 242, 245, 248, 251, 254, 257, 261, 828, 858, 1099, 1127, 1158, 1225, 1331, 1333, 1338, 1354, 1420, 1429, 1434, 1438, 1442, 1446, 1450, 1454, 1458, 1462, 1467, 1471, 1475, 1479, 1483, 1487, 1491, 1495, 1499, 1503, 1504, 1506, 1509, 1514, 1519, 1523, 1527, 1531, 1534, 1537, 1540, 1543, 1548, 1552, 1555, 1558, 1561, 1565, 1570, 1574, 1578, 1582, 1586, 1590, 1594, 1598, 1602, 1606, 1610.

gainful activity.[22] At step two, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[23] At steps three and four, he found that medical improvement had occurred and that Plaintiff's medical improvement was related to the ability to work.[24] Based on these findings, step five did not apply. At step six, the ALJ determined that Plaintiff had severe impairments of seizure disorder and migraine headaches.[25] At step seven, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels with certain limitations.[26] Finally, the ALJ determined that, since April 1, 2015, Plaintiff has been able to perform a significant number of jobs in the national economy, rendering her no longer disabled.[27]

### III. DISCUSSION

Plaintiff raises three issues in her brief: (1) whether the Appeals Council erred by failing to consider evidence submitted after the hearing; (2) whether the ALJ erred in his consideration of whether Plaintiff's impairments had medically improved; and (3) whether the ALJ erred in evaluating the medical opinion evidence. The Court agrees that the ALJ erred in his evaluation of medical improvement and will limit its discussion to that issue.[28]

---

[22] *Id.* at 26.

[23] *Id.* at 27–30.

[24] *Id.* at 30, 33.

[25] *Id.* at 26–30.

[26] *Id.* at 30–33.

[27] *Id.* at 34–35.

[28] *Watkins v. Barnhart*, 350 F.3d 1297, 1298 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

An eight-step sequential evaluation process is used in termination-of-benefit reviews. If the Commissioner meets his burden of establishing that the claimant's medical condition has improved and that the improvement is related to the claimant's ability to work, the Commissioner must then demonstrate that the claimant is currently able to engage in substantial gainful activity. To make this determination, the Commissioner first re-assesses the claimant's residual functioning capacity (RFC) based on all current impairments and then considers whether she can still do the work she has done in the past. If she is unable to do her past relevant work, at step eight the Commissioner considers the RFC and the claimant's age, education, and past work experience to determine whether she can do other work. If the claimant can perform either her past relevant work or other work, disability will be found to have ended.[29]

"Medical improvement is any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled."[30] And "[a] determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)."[31] "For purposes of determining whether medical improvement has occurred, [the agency] will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time."[32]

As noted, Plaintiff was previously found disabled. Among other things, Plaintiff was found to have migraine headaches with facial pain.[33] Plaintiff argues that the ALJ failed to

---

[29] *Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004) (internal quotation marks and citations omitted); *see also* 20 C.F.R. § 404.1594(f)(1)–(8).

[30] 20 C.F.R. § 404.1594(b)(1).

[31] *Id.*

[32] *Id.* § 404.1594(b)(7).

[33] R. at 26.

5

determine whether there was medical improvement of her migraines and facial pain. The Court agrees. The ALJ's decision is largely devoid of any reference to Plaintiff's pain, facial or otherwise, and his medical improvement discussion is strictly limited to a discussion of Plaintiff's mental impairments.[34] At no point in the decision does the ALJ conclude that Plaintiff's headaches and facial pain medically improved.

The Acting Commissioner argues that Plaintiff's claim fails because she has not demonstrated that her facial pain significantly limited her ability to perform basic work activities as of April 1, 2015. This argument fails for two reasons. First, it puts the cart before the horse. Before reaching the question of whether her facial pain was severe, the ALJ was required to determine whether medical improvement had occurred with respect to that impairment. The regulations make clear that in a cessation case, such as this, the determination of medical improvement comes before a determination of severity.[35] Second, and relatedly, it is the Acting Commissioner's burden to demonstrate medical improvement.[36] Any attempt to shift that burden onto Plaintiff is misplaced. The ALJ was required to determine, in the first instance, whether medical improvement had occurred with respect to all of Plaintiff's impairments. He failed to do so with respect to Plaintiff's migraine headaches and facial pain.

---

[34] *Id.* at 30.

[35] 20 C.F.R. § 404.1594(f)(3) ("[H]as there been medical improvement . . . ? If there has been medical improvement as shown by a decrease in medical severity, see step (4). If there has been no decrease in medical severity, there has been no medical improvement. (See step (5)."); *Id.* § 404.1593(f)(6) ("If medical improvement is shown to be related to your ability to do work . . . we will determine whether all your current impairments in combination are severe.").

[36] *Knapp v. Barnhart*, 68 F. App'x 951, 952 (10th Cir. 2003) ("The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity.").

The Court cannot consider this failure to be harmless. The record is replete with evidence of Plaintiff complaining of and receiving treatment for headaches and facial pain. Further, in response to questions from the ALJ about being off task and absent because of physical impairments and associated pain, the vocational experts ruled out the possibility of employment.[37] Based upon this, the Court cannot be confident in the ALJ's decision, and remand is required for further consideration.[38]

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court reverses and remands the Acting Commissioner's decision.

DATED this 25th day of March, 2025.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[37] R. at 270, 304.

[38] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that harmless error "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").